ACHA, PETICIONARIO, *v.* LA CORTE DE DISTRITO DE PONCE, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de Ponce, Hon. Charles E. Foote, Juez.

No. 339.—Resuelto en julio 29, 1922.

SOCIEDAD CIVIL — SOCIEDAD MERCANTIL — RESPONSABILIDAD DE LOS SOCIOS. — De acuerdo con las prescripciones del Código Civil la responsabilidad de un miembro de una sociedad civil respecto de las deudas de la sociedad no es idéntica a la exigida por el Código de Comercio a un miembro de una sociedad mercantil en este respecto.

*Certiorari*—APELACIÓN.—Si después de radicada una petición de *certiorari* y antes de la celebración de su vista la corte inferior dicta sentencia y queda perfeccionada una apelación contra la misma, el auto deberá ser anulado toda vez que el peticionario por virtud de la apelación tendrá amplia oportunidad para probar su derecho, si alguno tuviere, al remedio solicitado en el procedimiento de *certiorari*.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. L. Llorens* y *E. Rincón.*

La parte demandada no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En el mes de enero de 1921 Emil Trautman estableció demanda contra la sociedad mercantil Trautman & Acha y los socios que la componen, George Trautman y Eduardo Acha, alegando en la misma que dicha compañía es una sociedad mercantil dedicada a la explotación de manganeso y mármol.

Eduardo Acha por su propio derecho "y como socio gestor de la sociedad mercantil Trautman y Acha" compareció formulando su contestación, alegando expresamente, entre otros particulares y en una contra-demanda, lo siguiente:

"Que el contra-demandante constituyó una sociedad mercantil

con George Trautman para dedicarse al negocio de explotación de minerales en la cual tenía el contra-demandante una participación de un 45 por ciento y George Trautman otra participación de un 55 por ciento, dividiéndose las pérdidas y beneficios en la misma proporción.''

En febrero 20, 1921, el demandado Acha presentó una moción sobre levantamiento de un embargo basada en los siguientes fundamentos:

''Primero: Que el compareciente es socio gestor de la sociedad demandada Trautman y Acha.

''Segundo: Que al presentar el demandante su demanda en este caso solicitó y obtuvo por vía de aseguramiento de la sentencia que pudiera recaer embargo de los bienes de los demandados en cantidad suficiente a cubrir principal y costas, y con tal mandamiento de embargo el demandante señaló al marshal como bienes para ser embargados una casa propiedad privativa del compareciente y que no fué aportada a la sociedad, cuya propiedad se describe así: (descripción).

''Tercero: Que dicha propiedad ha sido embargada como se deja dicho para asegurar la efectividad de la sentencia, y en este pleito aún no ha recaído sentencia y por consiguiente no ha llegado el caso de ejecución en cuyo trámite únicamente pueden ser embargados y ejecutados bienes privativos de los socios hecha excusión previa de los bienes de la sociedad.''

El alegato en apoyo de esta moción expresa como único fundamento para ella que ''el embargo es prematuro toda vez que no ha llegado aún el caso de excusión de los bienes sociales para que el acreedor pueda irse especialmente contra los bienes de los socios no aportados a la sociedad.''

Para sostener esta proposición el demandado se fundó enteramente en el artículo 127 del Código de Comercio y en la interpretación dada al mismo por la Corte Suprema de España en sus sentencias de diciembre 17, 1872, febrero 16, 1897 y junio 23, 1903.

El abogado del demandante en contestación citó el caso de *Sucesores de M. A. Lamadrid & Cía.* v. *Martorell*, 27 D.

P. R. 599.   La segunda apelación en el mismo caso, que aparece reportada en el tomo 28 D. P. R. 879, no había sido resuelta entonces.

El párrafo primero de la exposición que hace el juez sentenciador al expresar sus razones para declarar sin lugar esta moción en su resolución de marzo 24, 1921, es como sigue:

"Se trata de una acción en cobro de dinero contra la sociedad Trautman y Acha, que es una sociedad mercantil colectiva, y contra sus socios, George Trautman y Eduardo Acha Calimaño."

En julio 5, habiendo sido sustituído el juez Rivera Zayas, que fué quien declaró sin lugar la moción citada en último término, por el juez Foote, el demandado volvió a solicitar el levantamiento del embargo, haciendo las siguientes alegaciones:

"2°. Que a pesar de que en la demanda en este caso se alega que la sociedad Trautman y Acha es una sociedad mercantil, alegación que está negada en la contestación, es lo cierto que es una sociedad civil constituída con arreglo al Código Civil de Puerto Rico por escritura pública otorgada ante el notario público de Ponce don Eduardo Flores Colón en 21 de agosto de 1918, en cuyo contrato social no existe cláusula alguna que establezca la solidaridad de los socios en la responsabilidad de las deudas sociales.

"3°. Que al presentar el demandante su demanda en este caso solicitó y obtuvo por vía de aseguramiento de la sentencia que pudiera recaer embargo de los bienes de los demandados en cantidad suficiente a cubrir principal y costas, y con tal mandamiento de embargo el demandante señaló al marshal como bienes para ser embargados una casa propiedad privativa del compareciente y que no fué aportada a la sociedad, cuya propiedad se describe así:

&ast;       &ast;       &ast;       &ast;       &ast;       &ast;       &ast;

"4°. Que según las alegaciones de la demanda en este caso, Emil Trautman reclama de la sociedad Trautman y Acha y de los socios que la componen George Trautman y Eduardo Acha una suma de dinero que dice le es debida por dicha sociedad como cesionario que es de un crédito en cuenta corriente que dicha sociedad era en deber

a George Trautman y la alegación que se hace en la demanda negada general y específicamente en la contestación de que tal sociedad era una sociedad mercantil fué una alegación maliciosa hecha con el avieso propósito de embargar a este compareciente sus bienes privativos y no aportados a la sociedad.

&ast;          &ast;          &ast;          &ast;          &ast;          &ast;          &ast;

"6º. Que en febrero del corriente año o sea a raíz de haberse iniciado el pleito de este caso el peticionario radicó una moción para que se levantara el embargo trabado sobre dicha casa, petición que fué denegada por esta Hon. Corte, pero toda la discusión versó sobre la errónea teoría de que en una sociedad mercantil no se podían embargar bienes privativos no aportados por el socio gestor hasta tanto no se hubiese hecho excusión de los bienes de la sociedad y ahora la cuestión que se plantea para probarse y discutirse es completamente distinta, esto es, que la sociedad Trautman y Acha como se deja dicho es una sociedad civil y de acuerdo con el artículo 1600 del vigente Código Civil Revisado la responsabilidad de los socios en esta clase de sociedades no es solidaria."

Esta moción fué declarada sin lugar en septiembre 8, 1921.

En noviembre 10, 1921, el demandado Eduardo Acha "por su propio derecho y como socio gestor de la sociedad mercantil Trautman y Acha," presentó una contestación enmendada, en la cual, después de hacer una negativa general de los hechos, alegó como una de las varias defensas especiales que (E) la sociedad Trautman y Acha es una sociedad civil."

Y en la contrademanda el referido demandado alegó entonces:

"Primero: Que el contra-demandante constituyó una sociedad civil con George Trautman para dedicarse al negocio de explotación de minerales en la cual tenía el contra-demandante una participación de un 45 por ciento y George Trautman otra participación de un 55 por ciento dividiéndose las pérdidas y beneficios en la misma proporción."

En diciembre 3, 1921, el demandado Eduardo Acha radicó en esta corte una petición de *certiorari,* alegando que en enero

17, 1921, Emil Trautman había presentado una demanda como queda dicho, la cual se copia literalmente en la petición; que además del re-embargo de ciertos bienes pertenecientes a la sociedad que cubrían con exceso la suma reclamada, se embargó una casa que es propiedad particular del peticionario no aportada a la sociedad; que en junio 5, 1921, el peticionario había presentado una moción ante la corte inferior sobre levantamiento del embargo trabado sobre dicha casa bajo el fundamento de que siendo la sociedad Trautman y Acha una sociedad civil de acuerdo con el artículo 1600 del Código Civil Revisado, la responsabilidad de los socios no era solidaria y había presentado como prueba la escritura pública otorgada por los socios de la que aparece que la referida sociedad es una sociedad civil para fines de explotación minera; que a pesar de tal prueba el juez de distrito sin redactar una opinión y solamente por fundamentos erróneos, había declarado sin lugar la moción; que según la ley para asegurar la efectividad de las sentencias, las resoluciones dictadas en los incidentes sobre embargo sólo son apelables juntamente con la sentencia definitiva y que si el peticionario tuviera que esperar a que el pleito se resolviese en definitiva se le causarían perjuicios irreparables por razón de la tardanza del remedio.

Por virtud de las anteriores alegaciones se ordenó la expedición del auto, mostrando los autos, además de los particulares a que se ha hecho referencia, que con posterioridad a la radicación de la petición en esta corte y con anterioridad a la expedición del auto fué dictada sentencia en la corte inferior a favor del demandante y en contra de la sociedad demandada después de la celebración de un juicio al cual no asistieron ninguno de los demandados.

También aparecía de los autos que el demandado Acha perfeccionó una apelación no sólo contra esta sentencia sino también contra la resolución declarando sin lugar la moción

sobre levantamiento del embargo trabado en los bienes del referido demandado.

La única autoridad que cita el abogado del peticionario es el artículo 1600 del Código Civil, el cual prescribe que los socios no quedan obligados solidariamente respecto de las deudas de la sociedad.

Indiscutiblemente que la responsabilidad de un socio de tal sociedad con respecto a las deudas de la misma, de acuerdo con el Código Civil, no es idéntica a la que se exige a un socio de una sociedad mercantil en este sentido por las prescripciones del Código de Comercio.

En el caso de *Co Pitco* v. *Yulo,* 8 Jur. Fil. 550–52, la corte dice lo siguiente:

"La sociedad de Yulo y Palacios se dedicaba a la explotación de una hacienda de azúcar en Negros. Era, por lo tanto, una sociedad civil, a distinción de la mercantil. Siendo sociedad civil, por precepto expreso de los artículos 1698 y 1137 del Código Civil, los socios no son responsables solidariamente por las deudas sociales. La responsabilidad es mancomunada y en este asunto Pedro Yulo es responsable al demandante sólo por la mitad de la deuda. El hecho de que el otro socio, Jaime Palacios, se haya ausentado del país, no puede aumentar la responsabilidad de Pedro Yulo."

En el de *Dietrich* v. *Freeman, Etc.,* 18 *Idem,* 345, 347, encontramos lo siguiente:

"El objeto con que se constituyó la sociedad entre Freeman y Whitcomb demuestra claramente que dicha sociedad no era una sociedad mercantil; por tanto, las disposiciones del Código Civil y no las del Código de Comercio son las que deben regir para determinar la responsabilidad de los socios. (Manresa, tomo 1, p. 184; Aramburo, Capacidad Civil, 407, 432; Prautch contra Hernández, 1 Jur. Fil. 733; Co Pitco contra Yulo, 8 Jur. Fil., 550.)"

Y en el de *Bachrach* v. *"La Protectora,"* 37 *Idem,* 464–65, la misma corte dice lo que sigue:

"El negocio que se explotaba con el nombre de 'La Protectora,'

era evidentemente el de una sociedad civil, y la responsabilidad de los socios de la misma debe determinarse con arreglo al Código Civil. Las facultades que tenía Marcelo Barba para obligar a la sociedad, al comprar estos camiones, están en un todo acreditadas por el documento que en 12 de junio de 1913 otorgaron los cuatro apelantes. La operación por la cual consignó Barba estos camiones se ajustaba a los términos de este documento. Los pagarés constituyen una obligación exclusiva de 'La Protectora' y de Marcelo Barba, y en ningún sentido constituyen una obligación a que directamente tengan que atenerse los cuatro apelantes. Su responsabilidad se funda en que son miembros de una sociedad civil y, como tales, son responsables de las deudas de ésta. Es cierto que el artículo 1698 del Código Civil declara que los socios no quedan obligados solidariamente respecto de las deudas de la sociedad, pero resulta de este artículo, en relación con el 1137 del mismo código, que cada uno de ellos es responsable mancomunadamente de la parte alícuota que le corresponde en dicha deuda. Y así lo ha declarado este tribunal. (Co Pitco contra Yulo, 8 Jur. Fil., 550.)

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"En cuanto a la parte de la deuda referente al importe de los efectos y accesorios para automóviles, es evidente que en el documento de 12 de junio de 1913 no se confiere autorización alguna para declarar responsable a los apelantes. Sin embargo, su responsabilidad por este concepto resulta no menos evidente que la contraída en virtud de la compra de los camiones; y dicha responsabilidad se deriva de que la deuda se contrajo legalmente en relación con los fines que se proponía la sociedad."

En el presente caso, sin embargo, se invita a esta corte a que deduzca la naturaleza de la sociedad en cuestión de la escritura de incorporación, la que según parece ha sido interpretada frecuentemente por el abogado del peticionario durante los primeros períodos de la actual controversia y que abarca un término de muchos meses, como constitutiva de una sociedad mercantil no obstante considerarse la misma como una sociedad civil en la propia escritura. La conclusión sugerida puede que sea una deducción lógica y tal vez inevitable, pero no se ha tratado de probar en manera alguna

que esto sea así o siquiera de explicar el criterio opuesto que adoptó primeramente el abogado del demandado en la corte inferior.

Además el alegato del peticionario asume simplemente sin discutir ninguna razón para la hipótesis, que el mero hecho de una sociedad civil excluye necesariamente la propiedad de los socios individuales de un embargo no obstante el hecho de haber sido ellos demandados conjuntamente en una demanda establecida contra la sociedad. Ni siquiera se ha sugerido ni indicado en la corte inferior que tal acumulación era indebida, o que los socios individuales no son mancomunadamente solidarios con respecto a las deudas de la sociedad. El alegato, en verdad, se funda terminantemente en la teoría de que los socios en particular son responsables mancomunadamente en proporción a sus respectivas participaciones de acuerdo con las cláusulas de incorporación.

En varias ocasiones durante el pasado año nos hemos visto obligados a llamar la atención de los abogados hacia el hecho de que incumbe a la parte que pretende anular la deliberada sentencia de una corte de distrito no sólo someter, sino probar la razón de cualquier proposición en que se funde para ello.

El peticionario tendrá amplia oportunidad en la apelación ya interpuesta contra la sentencia dictada por la corte inferior para desarrollar este particular del presente caso y demostrar concluyentemente su derecho, si alguno tiene, al remedio que ahora solicita.

Debe anularse el auto anteriormente expedido.

*Anulado el mandamiento.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Aldrey.

Los Jueces Asociados Sres. Wolf y Franco Soto no tomaron parte en la resolución de este caso.